CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 31 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UHURU-SEKOU OBATAIYE-ALLAH, | CASE NO. 7:14CV00570 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HAROLD CLARK, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Plaintiff Uhuru-Sekou Obataiye-Allah has filed a pleading that he titles: "Declaration in Support of Preliminary Injunction and Temporary Restraining Order and Motion for Further Relief." The court construed and docketed plaintiff's submission as a motion for interlocutory injunctive relief, as well as a new civil rights complaint under 42 U.S.C. § 1983, seeking a transfer away from western Virginia.[1] After review of plaintiff's submission, the court finds no ground on which interlocutory injunctive relief is warranted and concludes that this civil action must be summarily dismissed under 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

## Background

In the instant motion, plaintiff complains about the following issues. On September 26, 2014, while plaintiff was in the shower, Officers Stanley, Martin and two others conducted a shakedown of his cell at Red Onion State Prison. Afterward, plaintiff found affidavits and paperwork related to his pending lawsuit in front of his cell. Officer Martin allegedly told plaintiff, "Drop your lawsuit and stop filing paperwork and things will get easier for you." (Compl. 1.)

---

[1] Plaintiff originally filed this motion in Case No. 7:14CV00159, which is soon to be ripe on motions for summary judgment. Pursuant to court order, the clerk removed plaintiff's motion from that case and redocketed it as a separate civil action.

Plaintiff also alleges that he has met all requirements to be placed in a segregation "step down program" that would allow him to earn increased privileges. Officers have allegedly told him, however, that he "won't get shit because of [his] lawsuit, complaining and constantly filing paperwork." (Compl. 1.) Plaintiff also states that his family has received letters he mailed to them from Red Onion in September, and his incoming mail takes ten days for delivery. Plaintiff believes that an investigator is stopping his mail in retaliation for plaintiff's gang membership.

On August 14, 2014, officers placed plaintiff on "modified strip cell," but never charged him with any disciplinary infractions. When plaintiff received his property again, several motions from his pending lawsuit, Case No. 7:14CV00159, were missing, along with letters, raps, and poems he had written. Plaintiff asserts that officers confiscated these items because of his pending lawsuit. Plaintiff also claims that officers "are putting stuff in [his] food" because of the lawsuit. On October 2, 2014, he found a "glob of hair" on his food tray, and the officer refused to call for a replacement tray. (Compl. 3.) Unnamed officers allegedly threaten plaintiff constantly, causing him to fear for his life.

Plaintiff states, "I will protect myself and hurt and kill as many [of] them as possible to save my life!!" (Compl. 4.) Based on these allegations, plaintiff asks to be transferred to another prison with the segregation step down program or to have various Red Onion officers enjoined from retaliating against him as alleged.

## Discussion

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Id. Moreover, a plaintiff's

2

assertion that he might possibly incur irreparable harm in the absence of court intervention is insufficient grounds for relief. Id. at 22 (emphasis added).

Plaintiff's primary basis for seeking interlocutory relief is his fear that in the future, Red Onion officers will continue to retaliate against him in various ways for his pending lawsuit. Prison officials may not retaliate against an inmate for exercising his constitutional right to access the court, Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), but a § 1983 claim of retaliation requires more than conclusory allegations that officers' actions were retaliatory. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Plaintiff must state facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. See, e.g., Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action"). Plaintiff must also show that the retaliatory action caused adverse impact on his exercise of his constitutional rights. American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 786 (4th Cir. 1993) (finding that mere inconvenience to litigation efforts not adverse enough to constitute actionable retaliation).

Plaintiff fails to demonstrate any likelihood of success on the merits of his claims of retaliation or any likelihood of future retaliation. Plaintiff's characterization of these alleged verbal threats and other recent events as retaliatory is speculative and conclusory, which is insufficient under Adams to state an actionable claim. The mere fact that unpleasant or inconvenient happenings occur while the inmate is pursuing a lawsuit is not sufficient support for a claim that the occurrences were substantially motivated by that lawsuit. Nor has plaintiff demonstrated how any of these events has caused or is likely to cause more than inconvenience

3

to his pending litigation efforts. For these reasons, the court must deny plaintiff's motion for interlocutory injunctive relief.

The court also finds that the action must be dismissed for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). As the majority of plaintiff's claims in this action occurred less than a month before he filed this action in early October, it is clear that he has not yet had time to exhaust administrative remedies as to the claims presented.[2] Plaintiff also has not yet presented a proper complaint, naming defendants or stating specific facts about each defendant's actions in violation of his rights or when those actions occurred. See West v. Atkins, 487 U.S. 42, 48 (1988) (finding that § 1983 claim requires showing of conduct committed by person acting under color of state law). Rather than attempt to parse out which, if any, of plaintiff's allegations states a possible claim that is currently exhausted, the court will dismiss the entire action without prejudice under § 1997e(a). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of October, 2014.

/s/ Glen Conrad
Chief United States District Judge

---

[2] Plaintiff's current submission also suffers from another legal deficiency. It is not a proper civil rights complaint, because it brings unrelated claims against multiple individuals, in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. Plaintiff's present submission does not satisfy either of these joinder rules. If plaintiff wishes to pursue one or more of the claims mentioned in his current motion, he must file a proper complaint that complies with both of these rules.